Doug Wolf, Esq. (NM Bar No. 7473)
888 16th Street, NW, Suite 800
Washington, DC 20006
(202) 650-5505
E-Mail:     dougwolf@altostreetenvironmental.com

Erik B. Ryberg (AZ Bar No. 023809)
Post Office Box 2013
Tucson, AZ 85702
Telephone:    (520) 784-8665
E-Mail:     ryberg@seanet.com
Association Pro Hoc Vice Pending

Attorneys for Plaintiff WESTERN WATERSHEDS PROJECT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, | ) |
| | ) Civ. No. |
| Plaintiff | ) |
| | ) **COMPLAINT** |
| v. | ) |
| | ) |
| TRAVIS MOSELEY, in his official capacity as Supervisor of the Lincoln National Forest; and | ) ) ) |
| | ) |
| UNITED STATES FOREST SERVICE | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

COMPLAINT--1

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel the Defendants Travis Moseley and the U.S. Forest Service to permit representatives of the Plaintiff, Western Watersheds Project to inspect non-exempt agency records at the Defendant's offices without charge.

2. Plaintiff Western Watersheds Project has requested permission from the U.S. Forest Service to inspect copies of "Allotment Management Plans" at the offices of the Lincoln National Forest.

3. Allotment Management Plans are short documents that provide specific grazing instructions for each livestock grazing area on the Lincoln National Forest.

4. The Forest Service has informed Western Watersheds Project that there will be a fee to inspect the records because a Forest Service staff person must monitor any member of the public who inspects agency records. According to the Forest Service, the fee will vary depending on the salary of the Forest Service official assigned to monitor the Plaintiff during the records inspection, but it will be around $17.00 to $21.00 per hour.

5. The Forest Service FOIA regulations do not permit the Forest Service to charge requesters a fee for inspecting public records at Forest Service Offices.

6. Specifically, the Forest Service FOIA regulations state: "Fees may not be charged for time spent by an agency employee in resolving legal or policy issues, or in monitoring a requester's inspection of agency records."  7 CFR Appendix A to Subpart A, Part 1, Section 3 (c).

7. When Western Watersheds Project contested the fee and told the Forest Service that Western Watersheds Project would not pay to inspect the records, the Forest Service closed the FOIA request.

8. Western Watersheds Project counsel requested administrative appeal rights from the Forest Service, but was denied them.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), as well as under 28 U.S.C. § 1331 because this action arises under the FOIA, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et se*q., and the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*.

10. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391 because the Defendant's State Office is in this district, and a substantial part of the events or omissions giving rise to the claims herein occurred within this district.

## PARTIES

11. Plaintiff Western Watersheds Project is a non-profit conservation organization based in Hailey, Idaho, with offices throughout the West in California, Oregon, Wyoming, and Arizona. Western Watersheds Project is dedicated to protecting the water quality, soil productivity, wildlife habitat, and archaeological resources on Western rangelands, including the rangelands managed by the Lincoln National Forest in New Mexico.

12. Defendant U.S. Forest Service is an agency of the U.S. Department of Agriculture, and has possession and control over the records Western Watersheds Project seeks to inspect. As a federal agency, the U.S. Forest Service is obligated to comply with its statutory duties under the FOIA.

## THE FREEDOM OF INFORMATION ACT

13. The FOIA was enacted "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). The Supreme Court has affirmed that "this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)). "The basic purpose" of FOIA is "to open agency action to the light

of public scrutiny." *Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)).

14. Under the FOIA, a member of the public may request to inspect any agency record. If the record does not fall under an exemption and if the requester has reasonably described the record, the agency must make the record "promptly available" for inspection. 5 U.S.C. § 552 (a)(3)(A).

15. Although the Forest Service may charge, in some circumstances, fees for searching for the records, duplicating the records, or reviewing the records for any exempt material, it may not charge a requester a fee for monitoring the requester while the requester inspects the record at the Forest Service's offices. 7 CFR Appendix A to Subpart A, Part 1, Section 3 (c) ("Fees may not be charged for time spent by an agency employee in resolving legal or policy issues, or in monitoring a requester's inspection of agency records.")

**STATEMENT OF FACTS**

16. On July 23, 2014, Western Watersheds Project, through its attorney, submitted a FOIA request for "Complete copies of the most current Allotment

Management Plans, or "AMPs," for each [livestock grazing] allotment on the Lincoln National Forest." Attachment 1.[1]

17. The request letter asked for the material on disk and stated that if the material was already available on the Forest Service's Website, a simple link to the material would suffice.

18. Travis Moseley, the Forest Supervisor for the Lincoln National Forest, responded by letter dated July 28, 2014. He stated that, pursuant to 7 CFR Subtitle A, Part 1, Supart A, Appendix A, there would be an estimated fee of $609.10 to respond to the request. A document titled "ESTIMATED FEE CALCULATION" was attached to the letter, showing "Total Amount Due" to be $609.10. Attachment 2.

19. On August 1, 2014, Western Watersheds counsel sought clarification of the $609.10 fee via an electronic-mail message to the Lincoln National Forest's FOIA Coordinator, Patti Turpin. Attachment 3.

20. Ms. Turpin responded via electronic-mail that same day, saying, "The estimate captures 12 hours of range management specialists (one per ranger district) to visit each allotment administrative folder and scan the allotment management plan;

---

[1] For ease of reference, all correspondence referred to in this Complaint is attached herein, and referred to as "Attachment X."

and 4 hours for me, as the FOIA Center liaison, to prepare the records and correspondence for the Forest Supervisor's review and release." Attachment 4.

21. Ms. Turpin also stated that there were 2,300 pages of responsive records. *Id*.

22. Later on August 1st, Western Watersheds counsel responded to Ms. Turpin by electronic-mail, writing, "I did not realize there were this many pages. Please tell me the cost if I have someone come to the Albuquerque office and bring their own scanner. Thank you." Attachment 5.

23. On August 4, 2014, Ms. Turpin responded as follows: "With you having someone scan releasable records at each administrative office, it is estimated that costs associated with processing your FOIA request are approximately $400. Prior to a scheduled appointment and public review/scanning at each administrative site, I am required to sanitize (examine each responsive record for personally identifiable information (PII) that is not readily available via State tax records) responsive records; and any document containing PII cannot be scanned/released from the Lincoln National Forest; it has to be rerouted to Southwestern Regional Office in Albuquerque.  Also, a Forest Service employee must accompany the person scanning documents the entire time they are present (as noted on the attached cost estimate as 'direct cost')." Attachment 6.

24. Ms. Turpin attached a document titled "Cost Estimate" to her email, which showed a fee of $407.72 for Western Watersheds Project personnel to personally scan the documents at three different Forest Service offices. *Id.*

25. On August 5, 2014, Western Watersheds Project counsel sent an electronic-mail to Ms. Turpin asking, "If we were only to look at the records in the offices, and take notes but not make any copies or scans, would we still have to pay the fees you have outlined in cost estimate 2?" Attachment 7.

26. Ms. Turpin responded that same day with "Cost Estimate 3," which showed the inspection of the documents would cost Western Watersheds Project $111.30 assuming the viewing took no more than two hours at each of the three Ranger Districts where the records were located. Attachment 8.

27. In this August 5, 2014 electronic-mail message she wrote: "Please provide, in writing, a statement of your willingness to pay the estimated $609.10 (cost estimate 1 - Forest Service FOIA processing) or $111.30 (cost estimate 3 - viewing or self-duplication), and to schedule a visit at each Ranger Station by August 11." *Id.*

28. She also stated, "If I have not heard from you by August 11, in writing, I will assume you no longer wish to proceed with your FOIA request and will close the file at that time." *Id.*

29. On August 6, 2014, Western Watersheds counsel wrote to say his client would not pay to inspect public records, and asked for administrative appeal rights so that the Forest's decision could be appealed to a higher authority in the Forest Service.  Attachment 9.

30. By a letter of August 6, 2014, Lincoln National Forest Supervisor Travis Moseley notified Western Watersheds Project counsel that since they were not willing to pay, the case would be closed.  He stated that "This is my final determination to your FOIA request dated July 23, 2014."  Attachment 10.

31. No appeal rights were granted.

## FIRST CLAIM FOR RELIEF

FOIA—Improper Assessment of Fees of July 23, 2014 Request

32. The Forest Service has improperly assessed fees in the request because it may not charge fees for the simple inspection of otherwise releasable documents.

33. The applicable Forest Service regulation is 7 CFR Appendix A to Subpart A, Part 1, Section 3 (c), which states, "Fees may not be charged for time spent by an agency employee in resolving legal or policy issues, or in monitoring a requester's inspection of agency records."

34. Here, Western Watersheds Project was to be charged for simply coming to the office and inspecting records that the Forest Service had agreed to review and release.

35. Plaintiff has exhausted its administrative remedies.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Western Watersheds Project requests this Court:

A. Declare that Defendants' assessment of fees in Plaintiff Western Watersheds Project's July 2014 FOIA request was unlawful;

B. Order Defendants to promptly release the documents for inspection without fee;

C. Award Western Watersheds Project the reasonable costs, litigation expenses, and attorney's fees incurred in prosecuting this civil action, under FOIA, 5 U.S.C. 552(a)(4)(E), the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), and all other applicable authorities;

D. Grant such other and further relief as the Court deems just and proper.

Dated: August 18, 2014.

Respectfully Submitted this 18th of August, 2014.


      /s Doug Wolf, Esq.

Doug Wolf, Esq.

888 16th Street, NW, Suite 800

Washington, DC 20006

(202) 650-5505

dougwolf@altostreetenvironmental.com